# DAVIS ELLIOTT INTERNATIONAL, INC.

v.

# PAN AMERICAN CONTAINER CORP.

### Civ. A. No. 82-1341.

United States District Court,
E. D. Pennsylvania.

Aug. 13, 1982.

Daniel B. Pierson, Philadelphia, Pa., for plaintiff.

James W. Johnson, Philadelphia, Pa., for defendant.

## MEMORANDUM OPINION

WEINER, District Judge.

Presently before the court are a claim by plaintiff for damages based on breach of contract and violation of Carriage of Goods by Sea Act (COGSA) 46 U.S.C. § 1300 *et seq.,* and a denial of liability by defendant based on the statute of limitation provision of COGSA which bars this action. The central issue is whether plaintiff's claims are governed by common law or by COGSA. The parties agree that they have concluded their presentation of the case by the pleadings, memoranda filed by them and that there is no further evidence to be presented to the court and the matter is ripe for adjudication. This court concludes that plaintiff's claims are governed by COGSA and are also time-barred by its application.

According to the complaint in this action, on September 12, 1980, plaintiff entered into a contract to act as a shipper for various hardware to be delivered to defendant's warehouses in New Jersey where defendant was to containerize the goods before carrying them to Nigeria. The defendant allegedly failed to containerize the goods, which caused most of the hardware to be lost, stolen or damaged. The plaintiff was allegedly forced to repay the purchase price to its customer in Nigeria, and plaintiff allegedly sustained further losses.

The Bill of Lading set forth on its face in black bold print the following: "This Bill of Lading subject to all the stipulations, agreements and conditions hereon set forth on both sides hereof." Also on the face the following sentence concludes the paragraph acknowledging receipt for goods: "All of the provisions written, printed or stamped on either side hereof are part of this Bill of Lading contract." On the back of this Bill of Lading, Clause I provides that the Bill is subject to provisions of COGSA.

In addition to this recitation of the applicability of COGSA, the statute itself provides that "every bill of lading ... which is evidence of a contract for the carriage of goods by sea to and from ports of the United States, in foreign trade, shall have effect subject to the provisions of this chapter." 46 U.S.C. § 1300. See 42 U.S.C. § 1312. The term "carriage of goods" cov-

ers the period "from the time when the goods are loaded on to the time when they are discharged from the ship." 46 U.S.C. § 1301. The Bill of Lading in the case *sub judice* represented a contract for shipping goods loaded in the United States and discharged in Nigeria and was, therefore, a contract within the purview of the COGSA.

■ The plaintiff claims that the Bill of Lading was not issued until after the goods had been received and prepared for carriage to Nigeria, and that the printing on the reverse side of the Bill of Lading is so small as to be unintelligible. The court agrees with plaintiff's contention as to the printing being almost unintelligible. However, plaintiff is experienced in the business of selling goods for transport from the United States to foreign countries. The provisions and purposes of COGSA are well known to such businessmen.

The plaintiff also claims that the agreement which was breached is not within the provisions of the COGSA, the oral agreement to containerize having occurred prior to the issuance of the Bills of Lading. A similar claim was made in the case of *Miller Export Corporation v. Hellenic Lines Ltd.*, 534 F.Supp. 707 (S.D.N.Y.1982). There, the shipper brought an action against a carrier and alleged that its claims based upon fraud, negligence and breach of contract, did not arise from the contract to carry goods by sea but from a pre-loading agreement. The court stated the following in finding the COGSA applicable:

> In the instant case, it is not disputed that the bills of lading in connection with both voyages incorporated the provisions of COGSA (as well as a one-year statute of limitations), and provided for the governance of COGSA prior to loading and subsequent to discharge and throughout the period the goods were in the custody of Hellenic. Such a provision is effective to make COGSA applicable to the entire period of custody by the carrier.

Further, the court rejected plaintiff's independent contract theory since plaintiff had accepted the Bills of Lading and the parties had contracted for the applicability of COGSA to any of plaintiff's claims arising from defendant's failures. This court applies the same analysis to the case *sub judice*. The Bills of Lading incorporated the provisions of COGSA and provided for this incorporation throughout the period that the goods were in custody of defendant. There is absolutely no basis for any other conclusion than that the transaction in question is governed by the COGSA and not common law theories of contract.

COGSA represents the American enactment of the Hague Rules, developed at a series of international maritime conferences in the 1920s. COGSA is thus part of an international effort to achieve uniformity and simplification of bills of lading used in international trade. It was intended to reduce uncertainty concerning the responsibilities and liabilities of carriers, the responsibilities and rights of shippers and the liabilities of underwriters who insure waterborne cargo. By strictly circumscribing the ability of carriers to avoid liability, COGSA also greatly enhances the negotiability of bills of lading. Subsequent holders of a bill can give value for it in confidence that they can ultimately obtain satisfaction without elaborately investigating the circumstances of the shipment. *See, Uniform Ocean Bills of Lading—Hague Rules,* H.R.Rep.No.2218, 74th Cong., 2d Sess. (1936). This court recognizes the importance of enforcing COGSA so as to frustrate neither the Congressional purpose enunciated nor future shippers' abilities to recover damages from negligent carriers. Of course, these abilities will depend upon whether shippers bring action within the statute of limitation provisions.

■ Section 1303(6) of COGSA provides in relevant part that "the carrier and the ship shall be discharged from all liability in respect of loss or damage unless suit is brought within one year after delivery of the goods or the date when the goods should have been delivered." The goods in the case *sub judice* were delivered to Nige-

ria in October or November of 1980. The plaintiff did not commence this action until March, 1982, some sixteen months after the delivery date.

It is interesting to note that plaintiff has shifted his claims since the commencement of this action. In the complaint, plaintiff sought recovery under COGSA and common law theories of contract. However, in subsequent memoranda, perhaps after realizing that COGSA provisions would both reduce his recovery or completely bar recovery, plaintiff confined his claims to the common law theories. We conclude that the statute of limitation provisions of COGSA dictates that plaintiff's claims be dismissed.